IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER WILSON                    *

Plaintiff                       *

v                               *       Civil Action No. GLR-18-803

FCI CUMBERLAND, et al.          *

Defendants                      *
                             ***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Roger Wilson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Wilson's Motion but dismiss his Complaint for failure to state a claim upon which relief can be granted.

## I.    BACKGROUND[1]

Wilson is a former federal prisoner who alleges that "for about 2.5 years from 2009 to 2011" he "notified defendant non-stop . . . about a court order he had striking the violence from his record meaning he should have been moved from the FCI to the camp & defendant refused." (Compl. at 5, ECF No. 1). Wilson further states that the "defendant discriminated against [him] by denying him the drug program because he had dreds when there were numerous people with dreds in the drug program." (Id.). As a result of the failure to put Wilson in the program, he served an extra year incarcerated.

---

[1] Unless otherwise noted, the facts outlined here are uncontroverted and the Court views them in the light most favorable to Wilson.

(Id.). On March 15, 2018, this civil rights lawsuit seeking two million dollars in damages was filed along with a Motion for Leave to Proceed In Forma Pauperis. Because he appears indigent, the Court will grant the Motion.

## II. DISCUSSION

### A. Standard of Review

Wilson filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989).

**B.    Analysis**

The Court concludes that the Complaint, even when afforded a liberal construction, fails to state a claim for at least four reasons.

First, the Complaint is untimely. Even if the operative date for the asserted cause of action is presumed to be 2012, or one year after Wilson was released, that date would be at least six years ago. "Section 1983[2] provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007) (citing Owens v. Okure, 488 U.S. 235, 249–50 (1989); Wilson v. Garcia, 471 U.S. 261, 279–80 (1985)). In Maryland, the applicable statute of limitations is three years. See Md. Cts & Jud. Proc. Code Ann. § 5-101. Wilson's assertion that he just found out he could sue, (Compl. at 5), does not toll the limitations period.

Second, the due process claim itself is defective. Wilson does not have a right to access programs or to be released from his lawful term of incarceration early. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Meachum v. Fano, 427 U.S. 215, 224 (1976), see also Sandin v. Conner,

---

[2] As a federal prisoner, Plaintiff's cause of action would have been filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The same analysis for the statute of limitation applies to a Bivens suit. See Butz v. Economou, 438 U.S. 478, 504 (1978) (declining to distinguish between applicable law for §1983 suits and suits brought under Bivens).

3

515 U.S. 472, 493 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Jago v. Van Curen, 454 U.S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).

Third, Wilson does not sufficiently allege an equal protection claim. Wilson asserts that he was denied entrance into the drug program because of his hair style. An equal protection claim requires Wilson to be treated differently from other similarly situated individuals and that the unequal treatment was the result of intentional or purposeful discrimination. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439–40 (1985); Morrison v. Garraghty, 239 F.3d 648, 653 (4th Cir. 2001). To prevail under the Equal Protection Clause, Wilson "must prove the decision makers in his case acted with discriminatory purpose." McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Here, Wilson admits that there were others admitted to the program who wore the same hairstyle. (Compl. at 5). Wilson fails to explain how, in spite of the program admitting others with his hairstyle, Defendants discriminated against him.

Finally, if the claims are construed as claims brought pursuant to the Federal Tort Claims Act, Wilson has not included information regarding administrative exhaustion for such a claim. Under 28 U.S.C. § 2401(b) (2018),

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless

4

> action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Although an untimely claim under the FTCA might be considered where there is an equitable basis for tolling the limitations period, no equitable basis is presented in this case. Wilson's statement that he just found out he could sue does not establish that he is entitled to an equitable tolling of the statute of limitations. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "Equitable tolling is not appropriate where . . . 'the claimant failed to exercise due diligence in preserving his legal rights.'" Kokotis v. U.S. Postal Service, 223 F. 3d 275, 280 (4th Cir. 2000) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, (1990)).

Thus, Wilson fails to state a claim upon which relief can be granted. Accordingly, the Court will dismiss Wilson's claims.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Wilson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) but will dismiss the Complaint. A separate Order follows.

Entered this 5th day of April, 2018.         /s/
       George L. Russell, III
       United States District Judge